| JANICE CLABORNE AND SHERYL JONES | * | NO. 2023-CA-0206 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE HOUSING AUTHORITY OF NEW ORLEANS | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2001-20605, DIVISION "D"
Honorable Inemesit O'Boyle, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

**LOBRANO, J., CONCURS IN THE RESULT**

Wayne R. Maldonado
Alex J. Granier
UNGARINO & MALDONADO, LLC
3850 North Causeway Blvd.
Suite 1280
Metairie, LA 70002


John W. Hite, III
David P. Salley
Glen E. Mercer
Kourtney Twenhafel
SALLEY HITE MERCER & RESOR, LLC
365 Canal Street
Suite 1710, One Canal Place
New Orleans, LA 70130

Juston M. O'Brien
McGLINCHEY STAFFORD, PLLC
301 Main Street
14th Floor
Baton Rouge, LA 70801

      COUNSEL FOR APPELLEE/PENN AMERICA INSURANCE

Warren Horn
HELLER DRAPER PATRICK & HORN, L.L.C.
650 Poydras Street
Suite 2500
New Orleans, LA 70130-6103

      COUNSEL FOR APPELLEE/GUSTE HOMES RESIDENT
      MANAGEMENT CORPORATION

Dennis J. Phayer
Scott O. Gaspard
BURGLASS & TANKERSLEY, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602

      COUNSEL FOR B.W. COOPER RESIDENT MANAGEMENT
      CORPORATION

Wayne J. Lee
Heather S. Lonian
Matthew S. Almon
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112-4042

      COUNSEL FOR DEFENDANT/APPELLANT

APPEAL DISMISSED
**JANUARY 19, 2024**

*DLD*
*KKH*

On December 17, 2001, Janice Claborne and other plaintiffs filed a petition for class certification and damages against the Housing Authority of New Orleans ("HANO"), alleging that they suffered damages from their exposure to mold while living in housing developments operated by HANO.[1]  The plaintiffs amended their petition in 2003, naming the B.W. Cooper Resident Management Corporation, the Guste Homes Management Corporation, and Penn America Insurance Company and others as defendants.  The district court granted class certification on June 30, 2014; this Court affirmed on April 15, 2015.  *Claborne v. Hous. Auth. of New Orleans*, 14-1050 (La. App. 4 Cir. 4/15/15), 165 So.3d 268.

It was also determined that the trial of the class action would proceed in two phases.  The primary issue to be determined during Phase 1 was not whether there were individual breaches of the class representatives' leases with HANO, but whether there was "unchecked mold proliferation" throughout HANO's properties,

---

[1] For a more detailed version of the factual and procedural history of this matter, one may wish to consult *Claborne v. Hous. Auth. of New Orleans*, 12-0808 (La. App. 4 Cir. 5/29/13), 116 So.3d 894 and *Claborne v. Hous. Auth of New Orleans*, 14-1050 (La. App. 4 Cir. 4/15/15), 165 So.3d 268.

caused by HANO's failures that commonly affected all class members. "If the first phase trial results in a 'liability' verdict finding that the defendants breached their duty of care, . . . the class action will decertify or splinter into a 'second phase' to allow the plaintiffs and all putative plaintiffs to individually present their specific causation and damage claims." *Id.*, p. 19, at 285. Prior to the Phase 1 trial, the district court granted the plaintiffs' motion for partial summary judgment on the issue of HANO's liability; this Court affirmed.[2] The plaintiffs had also previously reached settlement agreements with several other defendants. The Phase 1 trial against the remaining defendant, Penn America Insurance Company, took place as a direct action and resulted in a jury verdict which found no duty on the parts of the resident management corporations to maintain the premises free from mold and the trial court entered judgment in favor of the defendant and against the plaintiffs. HANO now attempts to appeal this judgment.

HANO raises the following assignments of error: (1) "The District Court erred as matter of law by prohibiting HANO from offering any evidence, or otherwise participating, in the Phase I Trial, which was a violation of HANO's constitutional due process rights[;]" and (2) "Alternatively, the District Court erred as a matter of law by failing to order that it's December5, 2022 *Final Judgment for Phase one* has no *res judicata* or collateral estoppel effects as to HANO."

---

[2] *Janice Claborne v. Hous. Auth. of New Orleans*, 2023-CA-0182

The issues that HANO raises in its assignments of error do not involve final appealable judgments.  *See* Louisiana Code of Civil Procedure Articles 1911, 1915, and 2083.  Accordingly, this appeal is dismissed.

**APPEAL DISMISSED**